UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICA BROOKS,<br><br>Plaintiff,<br><br>v.<br><br>CORECIVIC OF TENNESSEE, LLC,<br>Defendant. | Case No.:  20-cv-00994-DMS-JLB<br><br>**NOTICE AND ORDER: (1) FOR EARLY NEUTRAL EVALUATION CONFERENCE; AND (2) SETTING RULE 26 COMPLIANCE AND CASE MANAGEMENT CONFERENCE** |

IT IS HEREBY ORDERED that an **Early Neutral Evaluation Conference** ("ENE") will be held by video conference[1] on **November 10, 2020**, at **9:00 AM**.  In the event the case does not settle at the ENE, a **Case Management Conference** ("CMC") pursuant to Fed. R. Civ. P. 16(b) **is SET for November 10, 2020**, and will be held at the conclusion of the ENE.

///

---

[1]    On March 17, 2020, Chief Judge Larry Alan Burns issued CJO #18 in response to COVID-19.  CJO #18, *inter alia*, suspended the requirement under Civil Local Rule 16.1(a) that all ENEs be conducted in person.  (CJO #18 ¶ 9.)  To date, CJO #18's suspension of the in-person ENE requirement remains in effect.  (*See* CJO #40.)  This situation is subject to change on short notice, and parties should anticipate that this ENE may yet be converted from a video conference to an in-person conference.

1

The following are **mandatory** directions for the parties preparing for the ENE. **Absent express permission obtained from this Court, and notwithstanding the pendency of any motion, counsel shall <u>timely</u> comply with the dates and deadlines ordered herein.**

1. **<u>Purpose of Conference</u>**:  The purpose of the ENE is to permit an informal discussion between the attorneys, parties, and the settlement judge of every aspect of the lawsuit in an effort to achieve an early resolution of the case.  All ENE discussions will be informal, off the record, privileged, and confidential.  Counsel for any non-English speaking parties is responsible for arranging for the appearance of an interpreter at the ENE.

2. **<u>Appearance by All Parties Required</u>**:  All parties, adjusters for insured defendants, and other representatives of a party having full settlement authority as explained below, and the principal attorneys responsible for the litigation, **must appear at the ENE by video conference** and be legally and factually prepared to discuss settlement of the case.  **<u>Mandatory directions for participating in the ENE by video conference, including additional deadlines, are attached hereto.</u>**  Counsel appearing without their clients (whether or not counsel has been given settlement authority) will be cause for immediate imposition of sanctions and may also result in the immediate termination of the conference.  If each of the principal attorneys responsible for the litigation are not listed on the docket as an "*ATTORNEY TO BE NOTICED*," then they each shall enter their appearance on the docket as soon as practicable, but in no event later than **ten calendar days** prior to the ENE.

Unless there are extraordinary circumstances, persons required to appear at the ENE pursuant to this Order shall not be excused from appearing.  **Requests for excuse from appearing for extraordinary circumstances shall be filed as a motion at least ten calendar days prior to the conference.**  Failure to appear at the ENE will be grounds for sanctions.

///

20-cv-00994-DMS-JLB

3.    **Full Settlement Authority Required**:  In addition to counsel who will try the case, a party or party representative with full settlement authority[2] must appear at the ENE. In the case of an entity, an authorized representative of the entity who is not retained outside counsel must be present and must have discretionary authority to commit the entity to pay an amount up to the amount of the Plaintiff's prayer (excluding punitive damages prayers). The purpose of this requirement is to have representatives present who can settle the case during the course of the ENE without consulting a superior.

4.    **ENE Statements Required**:  On or before **October 30, 2020**, the parties shall lodge statements of **five pages** or less directly to Judge Burkhardt's chambers outlining the nature of the case, the claims, the defenses, and the parties' positions regarding settlement of the case.  The settlement position must include a specific and current demand or offer addressing all relief or remedies sought.  If a specific demand or offer cannot be made at the time the brief is submitted, then the reasons therefor must be stated along with a statement as to when the party will be in a position to state a demand or offer.  A general statement that a party will "negotiate in good faith," "offer a nominal cash sum," or "be prepared to make an offer at the conference" is not a specific demand or offer.  The statement shall also list all attorney and non-attorney conference participants for that side, including the name(s) and title(s)/position(s) of the party/party representative(s) who will appear and have settlement authority at the conference.

---

[2]    "Full settlement authority" means that the individuals at the settlement conference must be authorized to explore settlement options fully and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989).  The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485–86 (D. Ariz. 2003).  The purpose of requiring a person with unlimited settlement authority to appear at the conference contemplates that the person's view of the case may be altered during the face to face conference. *Id.* at 486.  A limited or a sum certain of authority is not adequate. *See Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595–97 (8th Cir. 2001).

20-cv-00994-DMS-JLB

ENE statements shall be lodged via e-mail at efile_burkhardt@casd.uscourts.gov. **Whether these statements are submitted confidentially or whether they are served on opposing counsel is within the parties' discretion.** Statements of more than five pages will not be considered.

5. **Submission of Magistrate Judge Consent Form**: No later than **October 21, 2020**, each party shall provide Plaintiff's counsel with an executed copy of the attached consent form, titled Notice, Consent, and Reference of a Civil Action to a Magistrate Judge. Pursuant to Civil Local Rule 73.1, if (and only if) **all** parties have consented to the reference to a magistrate judge, then Plaintiff shall file the consent form(s) **in paper format** at the Clerk's Office by **October 23, 2020**. If the paper format filing reflects consent by **all** parties, then the form(s) will be forwarded to the assigned district judge for approval. The consent form(s) **should not be filed with the court electronically** through its Case Management/Electronic Case Filing (CM/ECF) system. No consent form will be made available, nor will its contents be made known to any judicial officer, unless all parties have consented to the reference to a magistrate judge. The parties are free to withhold consent without adverse substantive consequences. Questions related to the consent form(s) should be directed only to the clerk's office at (619) 557-5600. Please do not call chambers' staff with questions related to the consent form(s).

6. **New Parties Must Be Notified by Plaintiff's Counsel**: Plaintiff's counsel shall give notice of the ENE and this Order to parties responding to the complaint after the date of this notice.

7. **Case Management Under the Federal Rules**: The parties are ordered to comply with Fed. R. Civ. P. 26 and proceed with the initial disclosure process as follows:

a. The Rule 26(f) conference shall be completed on or before **October 21, 2020**;

b. The date of initial disclosure pursuant to Rule 26(a)(1)(A-D) shall occur on or before **October 30, 2020**;

///

20-cv-00994-DMS-JLB

c.   A **Joint Discovery Plan** shall be <u>filed</u> on the CM/ECF system as well as <u>lodged</u> with Judge Burkhardt's chambers by e-mailing the Plan to efile_burkhardt@casd.uscourts.gov, on or before **October 30, 2020**. The Plan must be one document and must explicitly cover the parties' views and proposals for each item identified in Fed. R. Civ. P. 26(f)(3). The parties should consult both Judge Burkhardt's and the assigned District Judge's Civil Chambers Rules in drafting their Plan. In addition to complying with Chambers Rules, the Plan must identify whether and what good cause (specific to this case) exists to modify the Court's tentative schedule for this case. The Court's **tentative** schedule is as follows:

i.   Filing of any motion for entry of a stipulated protective order governing discovery: **December 4, 2020**;

ii.   Filing of motions to amend pleadings and/or add parties: **December 18, 2020**;

iii.   Completion of fact and expert witness discovery: **June 11, 2021**;

iv.   The designation and service of expert witness reports: **April 16, 2021**;

v.   The supplemental designation and service of rebuttal expert witness reports: **May 14, 2021**;

vi.   The date by which dispositive motions shall be filed: **July 9, 2021**. Motions in limine are to be filed as directed in the Local Rules, or as otherwise set by the District Judge;

vii.   The date for the Mandatory Settlement Conference: **June 23, 2021**; and

viii.   The date for a Pretrial Conference before the District Judge assigned to the case: **November 12, 2021**.

8.   **Requests to Continue or Reschedule the ENE**: Local Rule 16.1(c) requires that an ENE take place within 45 days of the filing of the first answer. Requests to continue an ENE are rarely granted. However, the Court will consider formal, filed *ex parte* or joint

20-cv-00994-DMS-JLB

motions to continue an ENE when extraordinary circumstances exist that make a continuance appropriate. Absent extraordinary circumstances, requests for continuances **will <u>not</u> be considered unless filed** no less than **ten calendar days** prior to the scheduled conference.

9. **<u>Settlement Prior to ENE</u>**: The Court encourages the parties to work on settling the matter in advance of the ENE. In the event that the parties resolve the matter prior to the day of the ENE, the following procedures must be followed before the Court will vacate the ENE and excuse the parties from appearing:

a. The parties may <u>file</u> a Joint Motion to Dismiss and separately <u>lodge</u> by e-mail a proposed order to the assigned <u>District Judge</u>.[3] If a Joint Motion to Dismiss is filed, the Court will vacate the ENE. The parties are encouraged to contact Judge Burkhardt's Chambers by telephone to notify the Court of their pending Joint Motion;

b. If the parties settle more than 24 hours before the ENE but are not able to file a Joint Motion to Dismiss, they must file a Notice of Settlement containing the electronic signatures of counsel for all settling parties and identifying a date by which the Joint Motion to Dismiss will be filed. The parties are encouraged to contact Judge Burkhardt's Chambers by telephone to notify the Court of their filed Notice of Settlement;

c. If the parties settle less than 24 hours before the conference, counsel for the settling parties must JOINTLY call chambers and inform the Court of the settlement **and** receive Court permission to not appear at the ENE.

///

///

---

[3] *See* Electronic Case Filing Administrative Policies and Procedures Manual, United States District Court for the Southern District of California § 2(h), for the chambers' official e-mail address and procedures on e-mailing proposed orders.

6

20-cv-00994-DMS-JLB

After having reviewed Judge Burkhardt's Civil Chambers Rules, appropriate questions regarding this case or the mandatory directions set forth herein may be addressed through a joint call by the parties to Judge Burkhardt's law clerks at (619) 557-6624. For additional information, please see Judge Burkhardt's Civil Chambers Rules.

Dated: October 7, 2020

*Jill Burkhardt*

Hon. Jill L. Burkhardt
United States Magistrate Judge

20-cv-00994-DMS-JLB

**Mandatory Directions for Zoom Video Conference Participation**

1.      The Court will use its official ZoomGov video conferencing account to hold the ENE.  **IF YOU ARE UNFAMILIAR WITH ZOOM:**  Zoom is available on computers through a download on the Zoom website (https://zoom.us/meetings) or on mobile devices through the installation of a free app.[1]  Joining a Zoom conference does not require creating a Zoom account, but it does require downloading the .exe file (if using a computer) or the app (if using a mobile device).  Participants are encouraged to create an account, install Zoom and familiarize themselves with Zoom in advance of the ENE.[2]  There is a cost-free option for creating a Zoom account.

2.      Prior to the start of the ENE, the Court will e-mail each ENE participant an invitation to join a Zoom video conference.  Again, if possible, participants are encouraged to use laptops or desktop computers for the video conference, as mobile devices often offer inferior performance.  Because Zoom may quickly deplete the battery of a participant's device, each participant should ensure that her or his device is plugged in or that a charging cable is readily available during the video conference.  Participants shall join the video conference by following the ZoomGov Meeting hyperlink in the invitation.  **Participants who do not have Zoom already installed on their device when they click on the ZoomGov Meeting hyperlink will be prompted to download and install Zoom before proceeding**.  Zoom may then prompt participants to enter the password included in the invitation.  All participants will be placed in a waiting room until the ENE begins.

///

///

///

---

[1]      If possible, participants are encouraged to use laptops or desktop computers for the video conference, as mobile devices often offer inferior performance.

[2]      For help getting started with Zoom, visit: https://support.zoom.us/hc/en-us/categories/200101697-Getting-Started

1

3.      Each participant should plan to join the Zoom video conference **at least five minutes before** the start of the ENE to ensure that the ENE begins promptly at 9:00 AM.  **The Zoom e-mail invitation may indicate an earlier start time, but the ENE will begin at the Court-scheduled time.**

4.      Zoom's functionalities will allow the Court to conduct the ENE as it ordinarily would conduct an in-person ENE.  That is, the Court will begin the ENE with all participants joined together in a main session.  After an initial discussion in the main session, the Court will divide participants into separate, confidential sessions, which Zoom calls Breakout Rooms.[3]  In a Breakout Room, the Court will be able to communicate with participants from a single party in confidence.  Breakout Rooms will also allow parties and counsel to communicate confidentially without the Court.

5.      No later than **November 5, 2020**, counsel for each party shall send an e-mail to the Court at efile_Burkhardt@casd.uscourts.gov containing the following:

a.      The **name and title of each participant**, including all parties and party representatives with full settlement authority, claims adjusters for insured defendants, and the primary attorney(s) responsible for the litigation;

b.      An **e-mail address for each participant** to receive the Zoom video conference invitation; and

c.      A **telephone number where each participant** may be reached so that if technical difficulties arise, the Court will be in a position to proceed telephonically instead of by video conference.  (If counsel prefers to have all participants of their party on a single conference call, counsel may provide a conference number and appropriate call-in information, including an access code, where all counsel and parties or party representatives for that side may be reached as an alternative to providing individual telephone numbers for each participant.)

---

[3]      For more information on what to expect when participating in a Zoom Breakout Room, visit: https://support.zoom.us/hc/en-us/articles/115005769646

2

20-cv-00994-DMS-JLB

6.     All participants shall display the same level of professionalism during the ENE and be prepared to devote their full attention to the ENE as if they were attending in person.

7.     If the case does not settle during the ENE, the Court will hold the CMC immediately following the ENE with counsel only.

///

20-cv-00994-DMS-JLB

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ERICA BROOKS,<br><br>　　　　　　　　　Plaintiff(s),<br><br>v.<br><br>CORECIVIC OF TENNESSEE, LLC,<br>　　　　　　　　　Defendant(s). | Case No.:  20-cv-00994-DMS-JLB<br><br>**NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE** |

*Notice of a magistrate judge's availability.* A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment. The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court. A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences. The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's authority.* The following parties ☐ Consent  / ☐ Do Not Consent*

to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.

| *Printed Names* | *Signatures of all parties **and** counsel for all parties* | *Dates* |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

**REFERENCE ORDER**

**IT IS ORDERED:** This case is referred to United States Magistrate Judge Jill L. Burkhardt to conduct all proceedings and order entry of a final judgment in accordance with 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and CivLR 73.1.

_____
Date

_____
United States District Judge

\*   Pursuant to Civil Local Rule 73.1, **if (and only if) all parties have consented** to the reference to a magistrate judge, then Plaintiff shall file the consent form(s) in paper format at the Clerk's Office.